UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KERRI CUNNINGHAM, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>TRANSWORLD SYSTEMS, INC., )<br>)<br>    Defendant. ) | No. 1:20-cv-01364-JRS-DLP |

**Order on Motion to Dismiss**

Plaintiff Kerri Cunningham, individually and on behalf of others, filed a Complaint alleging that Defendant Transworld Systems, Inc.'s ("Transworld") form debt collection letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (ECF No. 1.) Transworld moves to dismiss, (ECF No. 15), Cunningham's Complaint for failure to state a claim on which relief may be granted. For the following reasons, Transworld's Motion to Dismiss is **granted**.

**I. Background**

Cunningham fell behind on a debt owed to Celtic Bank/Indigo Mastercard. (Compl. ¶ 7, ECF No. 1.) On September 10, 2019, Transworld sent Cunningham an initial collection letter for the defaulted consumer debt. (*Id.*) The letter in relevant part states:

> Creditor: ORION PORTFOLIO SERVICES II LLC
> Former Creditor: Celtic Bank/Indigo Mastercard
> . . .
> Balance Due: $743.28
> . . .

1

> The above amount has been placed with this company for collection.
> . . .
> Make Payment to:
> Transworld Systems Inc.
> . . .

(Ex. C, ECF No. 1-3.)  Cunningham alleges that the initial collection letter failed to advise her "to whom the debt was [] owed, or what the difference was between the creditor and former creditor."  (Compl. ¶ 7, ECF No. 1.)

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a Rule 12(b)(6) motion to dismiss, the Court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).  The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'") (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)).

### III. Discussion

Under the FDCPA, a debt collector must "send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)). The Court views "potential FDCPA violations through the objective lens of an unsophisticated consumer who, while 'uninformed, naïve, or trusting,' possesses at least reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Dennis v. Niagra Credit Sols., Inc.*, 946 F.3d 368, 380 (7th Cir. 2019) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Cunningham claims that Transworld failed to identify the name of the creditor to whom the debt was owed in violation of 15 U.S.C. § 1692g(a)(2). Transworld responds that its initial debt collection letter clearly identifies the name of the creditor to whom the debt is owed. In support of her assertion, Cunningham points to the substance of Transworld's initial debt collection letter. The letter uses the terms "creditor" and "former creditor." (Ex. C, ECF No. 1-3.) Therefore, Cunningham argues that the letter does not clearly identify the "current creditor." (Compl. ¶ 14, ECF No. 1; ECF No. 24 at 7.) Cunningham further argues that the letter does

3

not explain the relationship between the entities stated in the letter.  (ECF No. 24 at 7.)

The crux of Cunningham's argument is that because Transworld's letter states that Orion Portfolio Services II LLC is the "creditor" instead of the "current creditor," Cunningham did not know to whom the debt was owed.  Transworld argues that two recent Seventh Circuit cases are analogous to this case to show that Cunningham's claims are meritless.  The Court agrees with Transworld.

In *Dennis*, the defendants' form debt collection letter identified the "original creditor" as Washington Mutual Bank and the "current creditor" as LVNV Funding.  946 F.3d at 370.  The letter also stated: "Welcome to Niagara Credit Solutions, Inc.  We are here to help.  Your account was placed with our collection agency on 09-14-17."  *Id.* at 369–70.  The plaintiff filed a putative class action complaint alleging that the defendants violated § 1692g(a)(2) of the FDCPA by failing to identify the name of the creditor to whom the debt was owed.  *Id.* at 70.  "The Seventh Circuit found that the words "current creditor" in the letter allowed the unsophisticated consumer to realize that "his debt ha[d] been purchased by the current creditor" and, therefore, the "defendants' letter provided clarity to the consumer and was not a violation of § 1692g(a)(2).

In *Smith v. Simms Associates, Inc.*, the defendant's collection letter identified the "client" as Paypal Credit and the "original creditor" as Comenity Capital Bank.  926 F.3d 377, 379 (7th Cir. 2019).  The plaintiffs filed a class action complaint alleg-

ing that the defendant violated § 1692g(a)(2) of the FDCPA by failing to list the current creditor in the letter. *Id.* 379–80. The Seventh Circuit held that " the letter . . . identif[ied] the creditor to whom the debt is owed as well as the commercial name the consumer [was] more likely to recognize . . ." and did not violate § 1692g(a)(2). *Id.* at 381.

Like the form debt collection letters in *Dennis* and *Smith*, Transworld's initial debt collection letter allows the unsophisticated consumer to realize to whom the debt is owed. First, Transworld's letter explicitly states the former creditor, Celtic Bank/Indigo Mastercard, and it is undisputed that Cunningham is aware she owed a debt to Celtic, (*see* Compl. ¶ 7, ECF No. 1), and that Celtic is the original creditor.

Next, Transworld's letter only identifies one other creditor: Orion Portfolio Services II LLC. Without any modifier, "creditor" here logically must refer to the present creditor. Grammatical construction dictates as much. Indeed, nothing indicates Orion Portfolio Services II LLC is the former or original creditor. To the contrary, the former creditor is explicitly identified as Celtic Bank/Indigo Mastercard, which is not Orion Portfolio Services II LLC. Common sense, if not the process of elimination, dictates, then, that Orion Portfolio Services II LLC's designated status as "Creditor" means the current creditor.

But Cunningham argues that *Dennis* and *Smith* are not applicable here. The Court disagrees. It is true that the original and current creditors were the same in *Smith*. And it is also true that the term "current creditor" was used in *Dennis* to identify the current creditor. However, in *Smith*, the plaintiffs argued that the

5

term "original creditor" was insufficient to identify to whom the debt was owed. *Dennis*, 946 F.3d at 380. The Seventh Circuit rejected the plaintiffs' argument, stating that the "FDCPA does not require use of any specific terminology to identify the creditor." *Id.* at 381.

Here, Transworld was not required to use the term "current creditor," like the defendant's letter did in *Dennis*, to identify the current creditor. The term "creditor" used to identify the current creditor is sufficient to satisfy § 1692(g)(a)(2) and inform Cunningham to whom the debt is owed. Simply, as noted, after Celtic Bank/Indigo Mastercard was identified, not to mention recognized as her original creditor, the only other creditor listed was Orion Portfolio Services II LLC. Given that information, even the unsophisticated consumer could make the basic inference to realize that his or her debt had been purchased by or was otherwise owed to Orion Portfolio Services II LLC. *See Dennis*, 946 F.3d at 371.

Finally, Cunningham argues that the letter does not explain the relationship between the entities stated in the letter. Such explanation is not required. Indeed, the plaintiff in *Dennis* similarly and unsuccessfully argued that the letter in that case did not explain the relationship between the entities stated in the letter. *Id.* at 370. Here, however, just like in *Dennis*, the "unsophisticated consumer would understand [the] terms in the context in which they are used here." *Id.*

The remaining cases that Cunningham cites to are inapposite. For example, in *Janetos v. Fulton Friedman & Gullace, LLP*, the defendant's letter stated in relevant part: "Re: Asset Acceptance, LLC Assignee of AMERISTAR." 825 F.3d 317,

6

320 (7th Cir. 2016).  The Seventh Circuit held that "the letter failed to disclose the information that § 1692(g)(a)(2) required."  *Id.* at 321.  The letter in *Janetos* required the consumer to make more than a "basic logical deduction" to determine the "legal relationship between Asset Acceptance and Fulton" and, therefore, to determine to whom the debt was owed.  *Id.*  That is, basic inferences alone would not have allowed an unsophisticated consumer to understand what "assignee," a legal term, meant for his debt obligations.  Here, unlike the letter in *Janetos*, Transworld's letter does not require anything more than a knowledge of basic grammar or a basic logical deduction to understand that Orion Portfolio Services II LLC is the current creditor.

In *Steffek v. Client Services, Inc.*, the defendant's letter stated in relevant part: "RE: CHASE BANK USA, N.A. . . .  The above account has been placed with our organization for collections."  948 F.3d 761, 763 (2020).  The Seventh Circuit held that the form letter failed to identify the "current creditor clearly enough that an unsophisticated consumer could identify it without guesswork."  *Id.*  That is because, in *Steffek*, the defendant's letter did not clearly communicate to whom the debt was owed.  *See id.* at 765.  Instead, the defendant's letter used the introduction "Re:" to identify Chase Bank, forcing an unsophisticated consumer to make more than a basic logical deduction to determine that Chase Bank was the current creditor.  *See id.*  Here, no such guesswork was needed for Cunningham to identify the current creditor.

7

Transworld's form debt collection letter satisfies § 1692g(a)(2) and, therefore, does not violate the FDCPA. The unsophisticated consumer can understand the terms "former creditor" and "creditor" to mean the original and current creditors, respectively, because it only takes a basic logical deduction to understand to whom the debt is owed. The word "former" is widely understood to mean "previous." That fact, whether or not coupled with the undisputed fact that Cunningham recognized Celtic Bank/Indigo Mastercard as the original creditor, means that the only other creditor listed—Orion Portfolio Services II LLC—was the current creditor. Given this information, the unsophisticated consumer, through basic logical deduction, can realize that Orion is the current creditor. Nothing beyond a basic vocabulary and basic grammatical construction is needed for this logical deduction to be made. Therefore, drawing all reasonable inferences in Cunningham's favor, Cunningham fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

### IV. Conclusion

For the reasons explained above, Transworld's Motion to Dismiss, (ECF No. 15), is **granted**. Rule 15 provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted [Rule 15] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019). Here, it appears that granting Cunningham leave to amend her Complaint would be futile because it

8

seems implausible that Cunningham can state a claim upon which relief can be granted. Accordingly, Cunningham must **show cause**, within **21 days** of this Order, why her claims against Transworld should not be dismissed for failure to state a claim on which relief may be granted. Failure to do so will result in a dismissal with prejudice of all claims against Transworld.

    **SO ORDERED.**

Date: 12/1/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew E. Cunningham
SESSIONS FISHMAN NATHAN & ISRAEL, LLC
acunningham@sessions.legal

Morgan I. Marcus
SESSIONS FISHMAN NATHAN & ISRAEL LLC
mmarcus@sessions.legal

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com